UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ANGELA LAWHORN**                                                                                      **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:25CV-629-JHM**

**MCDONALD'S** *et al.*                                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Angela Lawhorn filed the instant *pro se* action.  A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss this case.

### I.

Plaintiff filed her complaint on the Court-approved complaint form for filing a civil case. She sues McDonald's, a McDonald's store manager, and an unknown customer.

Where the complaint form asks for the basis of this Court's jurisdiction, Plaintiff does not indicate that jurisdiction is based on either federal question or diversity of citizenship.  Where the form asks for the amount in controversy, Plaintiff responds "$500."  As her statement of claim, Plaintiff states as follows:

> Angela Lawhorn visited McDonald's approximately 6:30 pm 9/27/25 to purchase 2 cups of coffee with customer James Baracater.  He began speaking to me initially after I had spok to another customer.  Then tried to speak to workers mother because I knew her but hadnt saw her in 10 years.  The manager became belligerent after James was speaking to me saying I know you don't have any money nor did you buy coffee.  So stop coming in this area unless you are ordering food.  We tried to order fries but she rudely stated you can only order food on the kiosk.  The kiosk was not functioning properly therefore I never was able to order fries.  Finally after 10 minutes 2 coffee's came without 0 sugarspackets 0 creamers we complained then finally received everything.  The manager was suddenly very rude again stating why was you speaking to this customer James he comes in here daily I tried to speak to another customer that I knew previously through my in laws but she did not remember who I was so I stopped speaking to her.  Then manager threatened to hit me twice then the Team

Leader threatened me also after following me out the store. 6:40 p.m. I lost my brand new I Phone X [illegible].

Where the form asks for the relief sought, Plaintiff states, "Lost IPhone $200[,] Increased BP 147/95[,] EMS visit."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998),

*overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes"— diversity and federal question jurisdiction. *Id.* (citing 28 U.S.C. §§ 1331, 1332).

For a federal court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the present case, Plaintiff has failed to establish diversity of citizenship jurisdiction since she does not allege that she and Defendants are citizens of different states. She also states in the complaint form that the amount in controversy is $500, far short of the required $75,000.

Moreover, Plaintiff has not met her burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). The Court has carefully reviewed the complaint and finds that Plaintiff alleges no facts to support a federal cause of action against Defendants. Therefore, the complaint fails to establish federal-question jurisdiction.

For these reasons, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:   October 27, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010